# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|  |  |
|---|---|
| **XIAOGANG PANG,** | Case No. **1:24-cv-13141** |
| Plaintiff, | |
| ~ *versus* ~ | **ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES** |
| **THE PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",** | *and* |
| Defendants. | **COUNTERCLAIM** |

COME NOW the Answering Defendant identified as **DIRZA DIRECT** ("Defendant") with their Answer to the Complaint and do respectfully allege as follows:

## I.  ANSWER TO ALLEGATIONS ABOUT "JURISDICTION AND VENUE"

**The Complaint alleges:**

"1.    This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the United States Patent Act, 35 U.S.C. § 1, et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331."

**Dirza Direct Answers:**

The allegations in Paragraph 1 of the Complaint are legal argument, to which no response is required. To the extent that any response is required, the Defendant respectfully denies that the Honorable Court has original subject matter jurisdiction over the claims in this action under any applicable law.

**The Complaint alleges:**

"2.     This Court is the proper venue pursuant to 28 U.S.C. § 1391 and may properly exercise personal jurisdiction over the Defendant since it directly targets business activities toward consumers in the United States, including the State of Illinois, through fully interactive, commercial Internet stores operating under the Online Marketplace Accounts identified in the Schedule A attached hereto (collectively, the "Defendant's Internet Store")."

**Dirza Direct Answers:**

The allegations in Paragraph 2 of the Complaint are legal argument, to which no response is required.  To the extent that any response is required, the Defendant denies that they are subject to personal jurisdiction in Illinois, deny that Venue is proper, and deny that they may be sued in this District.

## ANSWER TO ALLEGATIONS ABOUT "INTRODUCTION"

**The Complaint alleges:**

"3.     The Plaintiff filed this action to combat the online infringers who unfairly infringe the Plaintiff's invention and design through marketing, selling, and/or distributing an unlicensed product that infringes upon Plaintiff's U.S. Patent US D982,486 S entitled "ADJUSTABLE BIKE WALL HANGER" (attached as Exhibit A), filed on October 21, 2022, issued April 4, 2023. Defendant sells the same product as the claimed design, supporting the occurrence of transactions, and thus joinder of the Defendant listed on Schedule A (sealed) as proper. The Defendant created its Internet Store and designed it to appear as if selling a licensed product, while actually and knowingly marketing, selling, and/or distributing the same knock-off product. Defendant attempt to conceal both their identities and the full scope and interworking of their operation, using alias store names. Thus, Plaintiff is forced to file these actions to combat the

Defendant's continuous infringement of its patented design. Further, Plaintiff has been and continues to be irreparably damaged and harmed from the loss of its patents rights to exclude others from making, using, selling, offering for sale, and importing its patented design as a result of the Defendant' actions and seek temporary, preliminary, and permanent injunctive and monetary relief."

**Dirza Direct Answers:**

The allegations in Paragraph 8 of the Complaint appear almost entirely unrelated to the circumstances of this case, but rather seem to be a cut-and-paste from a Complaint in an entirely different case or cases, and therefore no response is appropriate or possible. To the extent that any response is possible or necessary, the Defendant responds to each allegation as follows:

The first sentence of Paragraph 3 of the Complaint alleges the Plaintiff's intent in filing the Complaint and therefore no response is required. To the extent that any response is required, the Defendant respectfully denies the allegations in the first sentence of Paragraph 3 of the Complaint.

The second, fifth, and sixth sentences of Paragraph 3 of the Complaint describes legal conclusion of why joinder is proper, why Plaintiff is "forced to file these actions" and the Plaintiff's irreparable damage, to which no response is required. To the extent that any response is required, the Defendant respectfully denies the allegations in the second, fifth, and sixth sentences of Paragraph 3 of the Complaint.

The Defendant respectfully denies the allegations in the third and fourth sentences of Paragraph 3 of the Complaint.

## ANSWER TO ALLEGATIONS ABOUT "THE PARTIES"

**The Complaint alleges:**

"4.    Plaintiff Xiaogang Pang is an individual based in Guangdong, CHINA. Plaintiff is assignee and owner of U.S. Patent US D982,486 S (**486 patent) entitled "ADJUSTABLE BIKE WALL HANGER" (attached as Exhibit A), filed October 21, 2022, issued April 4, 2023."

**Dirza Direct Answers:**

To the extent that the allegations in Paragraph 4 of the Complaint purport to incorporate documentary evidence, such Exhibit speaks for itself and no response is required.  To the extent that any response is required, the Defendant is without sufficient information to form a belief about the allegations in Paragraph 4 of the Complaint and on that basis respectfully denies such allegations.

**The Complaint alleges:**

"5.    Plaintiff sells his product online with the product designed in accordance with the claimed design in the **486 patent. Plaintiff has established its product as the first to market and has an established reputation for quality. An image of the claimed design is shown in the image below (Image 1). Essentially, the '486 Patent design consists of arms connected to a stem, that can change its length, with a four-sided polygon at the end, allowing the design to be mounted on a surface, e.g. walls, and be used as a bicycle storage device."

**Dirza Direct Answers:**

To the extent that the allegations in Paragraph 5 of the Complaint purport to incorporate an image, such illustration speaks for itself and no response is required.  To the extent

that any response is required, the Defendant is without sufficient information to form a belief about the allegations in Paragraph 5 of the Complaint and on that basis respectfully denies such allegations.

**The Complaint alleges:**

"6.    Plaintiff is the lawful owner of all rights, title, and interest in the **486 Patent entitled 'ADJUSTABLE BIKE WALL HANGER'(attached as Exhibit A), filed October 21, 2022, issued April 4, 2023."

**Dirza Direct Answers:**

Paragraph 6 of the Complaint are conclusions of law to which no response is required.  To the extent that any response is required, the Defendant respectfully denies each and every factual allegation and legal conclusion in Paragraph 6 of the Complaint.

**The Complaint alleges:**

"7.    he Plaintiff has not granted a license or any other form of permission to Defendant with respect to the claimed design."

**Dirza Direct Answers:**

Paragraph 7 of the Complaint are conclusions of law to which no response is required.  To the extent that any response is required, the Defendant respectfully leaves the Plaintiff to their proof of the allegations in Paragraph 7 of the Complaint.

**The Complaint alleges:**

"7.    The Plaintiff has not granted a license or any other form of permission to Defendant with respect to the claimed design."

**Dirza Direct Answers:**

Paragraph 7 of the Complaint are conclusions of law to which no response is required. To the extent that any response is required, the Defendant respectfully leaves the Plaintiff to their proof of the allegations in Paragraph 7 of the Complaint.

**The Complaint alleges:**

"8.     The Defendant are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign and domestic jurisdictions. Defendant conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of the fully interactive, commercial online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell, and, on information and belief, has sold and continues to sell knock-off products to consumers within the United States, including the State of Illinois. Defendant and their respective knock-off products are shown in Exhibit B.

**Dirza Direct Answers:**

The allegations in Paragraph 8 of the Complaint appear almost entirely unrelated to the circumstances of this case, but rather seem to be a cut-and-paste from a Complaint in an entirely different case or cases, and therefore no response is appropriate or possible. To the extent that any response is possible or necessary, the Defendant responds to each allegation as follows:

As it relates to the Answering Defendant, the Defendant respectfully leaves the Plaintiff to their proof of the allegations in the first sentence of Paragraph 8 of the Complaint.

The second sentence of Paragraph 8 of the Complaint is a statement of law to which no response is required. To the extent that any response is required, the Defendant respectfully

denies each allegation of fact and claim of law in the second sentence of Paragraph 8 of the Complaint.

The third sentence of Paragraph 8 of the Complaint incorporates an exhibit which speaks for itself, and is a statement of law to which no response is required. To the extent that any response is required, the Defendant respectfully denies each allegation of fact and claim of law in the third sentence of Paragraph 8 of the Complaint – and in fact the Exhibit conclusively establishes that this Honorable Court did not have jurisdiction over the Defendant at the time that this lawsuit was filed.

**The Complaint alleges:**

"9.     On information and belief, Defendant are an interrelated group of infringers working in active concert to knowingly and willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use the same product that infringe the **486 Patent in a series of occurrences. Tactics used by Defendant to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendant' true identities and the exact interworking of their network. In the event that Defendant provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint."

**Dirza Direct Answers:**

The allegations in Paragraph 9 of the Complaint appear almost entirely unrelated to the circumstances of this case, but rather seem to be a cut-and-paste from a Complaint in an entirely different case or cases, and therefore no response is appropriate or possible. To the extent that any response is possible or necessary, the Defendant responds as follows:

As it relates to the Answering Defendant, the Defendant denies each and every factual allegation and claim of law in Paragraph 8 of the Complaint.

**The Complaint alleges:**

"10.   Plaintiff has not licensed or authorized Defendant to use the invention claimed in the **486 Patent, and none of the Defendant are authorized retailers of Plaintiff."

**Dirza Direct Answers:**

Paragraph 10 of the Complaint are conclusions of law to which no response is required.  To the extent that any response is required, the Defendant respectfully leaves the Plaintiff to their proof of the allegations in Paragraph 10 of the Complaint.

**The Complaint alleges:**

"11.   On information and belief, Defendant regularly create new online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendant to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down.."

**Dirza Direct Answers:**

The allegations in Paragraph 11 of the Complaint appear almost entirely unrelated to the circumstances of this case, but rather seem to be a cut-and-paste from a Complaint in an entirely different case or cases, and therefore no response is appropriate or possible.  To the extent that any response is possible or necessary, the Defendant responds as follows:

As it relates to the Answering Defendant, the Defendant denies each and every factual allegation and claim of law in Paragraph 11 of the Complaint.

**The Complaint alleges:**

"12.    Even though Defendant operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. The Defendant Internet Stores include notable common features, including the same product images, accepted payment methods, checkout methods, meta data, illegitimate SEO tactics, lack of contact information, identically or similarly priced items and volume sales discounts, the same incorrect grammar and misspellings, similar hosting services, and the use of the same text and images, including content copied from Plaintiff's original product listings."

**Dirza Direct Answers:**

The allegations in Paragraph 12 of the Complaint appear almost entirely unrelated to the circumstances of this case, but rather seem to be a cut-and-paste from a Complaint in an entirely different case or cases, and therefore no response is appropriate or possible.  To the extent that any response is possible or necessary, the Defendant responds as follows:

As it relates to the Answering Defendant, the Defendant denies each and every factual allegation and claim of law in Paragraph 12 of the Complaint.

**The Complaint alleges:**

"13.    In addition to operating under multiple fictitious names, Defendant in this case and Defendant in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendant will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection."

**Dirza Direct Answers:**

The allegations in Paragraph 13 of the Complaint appear almost entirely unrelated to the circumstances of this case, but rather seem to be a cut-and-paste from a Complaint in an entirely different case or cases, and therefore no response is appropriate or possible. To the extent that any response is possible or necessary, the Defendant responds as follows:

As it relates to the Answering Defendant, the Defendant denies each and every factual allegation and claim of law in Paragraph 13 of the Complaint.

**The Complaint alleges:**

"14.    Further, infringers such as Defendant typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation despite the Plaintiff's enforcement efforts, such as take down notices. On information and belief, the Defendant maintain offshore bank accounts and regularly move funds from their PayPal accounts or other financial accounts to offshore bank accounts outside the jurisdiction of this Court. Indeed, an analysis of PayPal transaction logs from previous similar cases indicates that offshore infringers regularly move funds from U.S.-based PayPal accounts to China-based bank accounts outside the jurisdiction of this Court."

**Dirza Direct Answers:**

The allegations in Paragraph 14 of the Complaint appear almost entirely unrelated to the circumstances of this case, but rather seem to be a cut-and-paste from a Complaint in an entirely different case or cases, and therefore no response is appropriate or possible. To the extent that any response is possible or necessary, the Defendant responds as follows:

As it relates to the Answering Defendant, the Defendant denies each and every factual allegation and claim of law in Paragraph 14 of the Complaint.

**The Complaint alleges:**

"15.    According to the Amazon store owner's information, as showed on Amazon websites, parts of the Defendant can be identified via Chinese official company registration system. They are registered companies and actual owners of those companies located in China. Most of these defendant companies only have one (1) or two (2) employees, and these employees are also the actual owners of the Defendant companies."

**Dirza Direct Answers:**

The allegations in Paragraph 15 of the Complaint appear almost entirely unrelated to the circumstances of this case, but rather seem to be a cut-and-paste from a Complaint in an entirely different case or cases, and therefore no response is appropriate or possible.  To the extent that any response is possible or necessary, the Defendant responds as follows:

As it relates to the Answering Defendant, the Defendant denies each and every factual allegation and claim of law in Paragraph 15 of the Complaint.

**The Complaint alleges:**

"16.    Defendant, without any authorization or license from Plaintiff, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the **486 Patent, and continue to do so via the Defendant Internet Stores. Each Defendant Internet Store offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold knock-off products into the United States, including Illinois."

**Dirza Direct Answers:**

The allegations in Paragraph 16 of the Complaint appear almost entirely unrelated to the circumstances of this case, but rather seem to be a cut-and-paste from a Complaint in an

entirely different case or cases, and therefore no response is appropriate or possible. To the extent that any response is possible or necessary, the Defendant responds as follows:

As it relates to the Answering Defendant, the Defendant denies each and every factual allegation and claim of law in Paragraph 16 of the Complaint.

**The Complaint alleges:**

"17.    Defendant' individual infringement of the **486 Patent, in the offering to sell, selling, or importing of the same, knock-off products was willful."

**Dirza Direct Answers:**

The allegations in Paragraph 17 of the Complaint are a conclusion of law, to which no response is required. To the extent that any response is required, the Defendant respectfully denies each factual allegation and conclusion of law in Paragraph 17 of the Complaint.

**The Complaint alleges:**

"18.    Defendant' individual infringement of the **486 Patent in connection with the offering to sell, selling, or importing of the same, knock-off products, including the offering for sale and sale of same knock-off products into Illinois, is irreparably harming Plaintiff."

**Dirza Direct Answers:**

The allegations in Paragraph 18 of the Complaint are a conclusion of law, to which no response is required. To the extent that any response is required, the Defendant respectfully denies each factual allegation and conclusion of law in Paragraph 18 of the Complaint.

**The Complaint alleges:**

"19.    Regarding Marking and notice, Plaintiff has placed information regarding the issued patent on the webstore."

**Dirza Direct Answers:**

The Defendant is without sufficient information to admit or deny the allegations in Paragraph 19 of the Complaint, and for that reason respectfully denies every factual allegation in Paragraph 19 of the Complaint.

**The Complaint alleges:**

"19.    Regarding Marking and notice, Plaintiff has placed information regarding the issued patent on the webstore."

**Dirza Direct Answers:**

The Defendant is without sufficient information to admit or deny the allegations in Paragraph 19 of the Complaint, and for that reason respectfully denies every factual allegation in Paragraph 19 of the Complaint.

**ANSWER TO ALLEGATIONS ABOUT "COUNT I INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D982,486 (35 U.S.C. § 171)"**

**The Complaint alleges:**

"20.    Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

"21.    Defendant offer for sale, sell, and/or import into the United States for subsequent resale or use knock-off products that infringe directly and/or indirectly the ornamental design claimed in the **486 Patent.

"22.    Defendant have infringed the **486 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendant' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude

others from making, using, selling, offering for sale, and importing the patented inventions. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

"23.    Unless a preliminary and permanent injunction is issued enjoining Defendant and all others acting on an active concert therewith from infringing the **486 Patent, Plaintiff will be greatly and irreparably harmed.

"24.    Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendant' profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284."

**<u>Dirza Direct Answers:</u>**

The allegations in Paragraph 18 of the Complaint are a conclusion of law, to which no response is required.  To the extent that any response is required, the Defendant respectfully denies each factual allegation and conclusion of law in Paragraph 18 of the Complaint.

*[Remainder of Page Intentionally Left Blank]*

## AFFIRMATIVE DEFENSES

Without altering the burden of proof, **DIRZA DIRECT** respectfully assert the following affirmative defenses based on the limited investigation that they have been able to conduct into the allegations in the facts underlying Complaint, which investigation is not yet complete.

The Answering Defendants respectfully reserve the right to assert all relevant affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defense, at law or in equity, that may now exist or in the future may be available based on Discovery and further investigation in this case, with leave of Court, should that be necessary.

### FIRST AFFIRMATIVE DEFENSE
### This Court has no Jurisdiction over DIRZA DIRECT

1. This Honorable Court has no Jurisdiction over the Answering Defendants.

2. There is no Personal Jurisdiction over the Defendant in Illinois

3. There is No Jurisdiction over the Answering Defendant because Plaintiff has not Served Process on the Answering Defendant.

### SECOND AFFIRMATIVE DEFENSE
### The Complaint Fails to State a Claim against DIRZA DIRECT

4. The Complaint fails to state any cause of action against the Answering Defendant.

5. The documentary evidence shows that the Plaintiff does not own a valid design patent and that, even if they did, Dirza Direct has not infringed it.

**THIRD AFFIRMATIVE DEFENSE**
**No Infringement by DIRZA DIRECT**

6.      There was no infringement by the Defendant.  They never sold any product that infringed the Plaintiff's purported design patent.

**FOURTH AFFIRMATIVE DEFENSE**
No Damages from Alleged Infringements

7.      Plaintiff has not alleged and cannot establish that it has suffered any damages as a result of any of the alleged infringements described in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**
**No Irreparable Damages**

8.      Plaintiff is barred from seeking temporary and/or injunctive relief because it has not alleged and cannot show that it will suffer irreparable harm from the alleged infringement because any alleged actionable injury to Plaintiff can be adequately compensated by damages.

**SIXTH AFFIRMATIVE DEFENSE**
Damages Demand has No Basis in Fact or Law

9.      To the extent that the Plaintiff seeks enhanced damages and an award of fees and costs, the Complaint has not alleged and the Plaintiff cannot show that there is any basis in law or fact for such relief.

**SEVENTH AFFIRMATIVE DEFENSE**
Claim is Barred Under Equitable Doctrines

10.     The Plaintiff's action is barred, in whole or in part, under the doctrines of waiver, estoppel, laches, ratification, unclean hands, and/or acquiescence.

11.     In addition, the Plaintiff waited years to file the lawsuit.  And once they did, they waited nearly a half-year before moving for a TRO and preliminary injunction, which bars any claim for preliminary or permanent injunctive relief.

## EIGHTH AFFIRMATIVE DEFENSE
### Claim is Barred by Documentary Evidence

12.     Plaintiff's claims are barred by documentary evidence.

## NINTH AFFIRMATIVE DEFENSE
### Unjust Enrichment

13.     Plaintiff would be unjustly enriched if the judgment on the causes of action in the Complaint were granted.

## TENTH AFFIRMATIVE DEFENSE
### Plaintiff's Culpable Conduct

14.     Plaintiff's claims are barred by its own culpable conduct and/or the culpable conduct of the Plaintiff's agents.

## ELEVENTH AFFIRMATIVE DEFENSE
### Venue Improperly Lain

15.     Even assuming there is jurisdiction over the Defendant in Illinois (there isn't), Venue is not properly lain in the Northern District of Illinois.

## RESERVATION OF AFFIRMATIVE DEFENSES

16.　　Answering Defendant have insufficient knowledge and information upon which to form a belief as to whether it may have as yet unstated separate and additional defenses available. Defendant expressly reserves the right to assert any other legal or equitable defenses that may be available to Answering Defendants based upon legal theories which may or will be divulged through clarification of Plaintiff's Complaint, through discovery, or through further legal analysis of Plaintiff's claim and positions in this litigation.

DATED:　　　July 16, 2025

RESPECTFULLY SUBMITTED,

By:

Baruch S. Gottesman, Esq.
New York Bar No. 4480539
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
Phone: (212) 401-6910
bg@gottesmanlegal.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **XIAOGANG PANG,** | Case No. **1:24-cv-13141** |
| Plaintiff, | |
| ~ *versus* ~ | **COUNTERCLAIM** |
| **THE PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",** | |
| Defendants. | |
| **SHENZHEN SHIDU SHUCHENG LINMAO YIYOUXIANGONGSI** | |
| Counterclaim-Plaintiff, | |
| ~ *versus* ~ | |
| **XIAOGANG PANG,** *and* **JOHN DOES 1 – 10,** | |
| Counterclaim-Plaintiff. | |

COME NOW the Counterclaim-Plaintiff **SHENZHEN SHIDU SHUCHENG LINMAO YIYOUXIANGONGSI** (identified in the Complaint and here as "Dirza Direct"), and alleges their Counterclaims against Plaintiff/Counterclaim-Defendant **XIAOGANG PANG** and John Does 1 – 10 as follows:

## i.    INTRODUCTION

1.    The Temporary Restraining Order and Preliminary Injunction was obtained in this case by Xiaogang Pang and their collaborators without providing the Court full disclosure about the nature of the claims and by submitting only a token Undertaking.

2.    The Preliminary Injunction was wrongly imposed, we anticipate being vacated upon the hearing of the simultaneously submitted Motion to Vacate, and has and will causedsignificant financial and other damage to the Counterclaim Plaintiff.

3.    The financial damage caused by Xiaogang Pang and its collaborators to the Dirza Direct includes, but is not limited to: (i.) the de-listing of their ASINs; (ii.) the freezing of Dirza Direct's financial accounts, which limited Dirza Direct's ability to conduct business in U.S. dollars; (iii.) irreparable damage to the "algorithm" used by sales platforms that will persist long after the TRO/PI is lifted; and (iv.) otherwise caused the Counterclaim Plaintiff a significant loss of revenue.

4.    Pang has not even put up an undertaking, which is required under Rule 65 and which would need to be for more than two hundred and fifty thousand United States dollars ($250,000.00) to begin to cover the damages suffered by the Counterclaim Plaintiff.

5.    This Counterclaim is the minimal step that the Counterclaim Plaintiff can take to recover some of the damages they suffered from Xiaogang Pang and their collaborators' bad faith efforts to enforce a bogus design patent against a non-infringer; Xiaogang Pang and their collaborators' intentional and targeted interference with Defendant's existing contractual relationships with Amazon; XIAOGANG PANG's and their collaborators' unfair and deceptive trade practices, and other causes of action described more fully in this Counterclaim.

6.      Counterclaim Plaintiff's respectfully reserve the right to Amend, with leave of Court if required, this Counterclaim to account for further information and clarification that may become apparent during Discovery in this case, and as appropriate to supplement the record with additional relevant facts, causes of action, identity of the John Doe defendants, and other theories of liability.

## ii.      PARTIES

7.      Counterclaim Plaintiff **SHENZHEN SHIDU SHUCHENG LINMAO YIYOUXIANGONGSI** is a company organized and existing under Chinese law which operates an Amazon store under the name "**DIRZA DIRECT**".

8.      According to their Complaint filed in this case, the Counterclaim-Defendant **XIAOGANG PANG** is a natural person resident in China.   Where appropriate in this Counterclaim, XIAOGANG PANG s referred to as "Pang" or "Counterclaim-Defendant".

9.      **JOHN DOES 1-10** are collaborators with Xiaogang Pang who are responsible for the torts described here.  At this time, these collaborators are identified in this Counterclaim as **JOHN DOES 1-10**, because the John Does true identities are not known to the Counterclaim Plaintiff but are known to the Counterclaim-Defendant.

10.      Upon the identification of the John Does during Discovery or otherwise, the Counterclaim-Plaintiff reserve the right to amend this Counterclaim – with leave of Court if required – to more fully identify the John Does 1-10 and allege their role in the filing of the bogus Complaint.

### iii.    FACTUAL BACKGROUND

11.    Xiaogang Pang competes with Dirza Direct, as they are both sellers to the American market of bicycle-related accessories and other goods.

12.    In their Complaint filed in this case, and the accompanying Motion for a Temporary Restraining Order and Preliminary Injunction, Pang falsely claimed that Dirza Direct engaged in patent infringement.

13.    Pang failed to disclose to the Court when applying for the Temporary Restraining Order and Preliminary Injunction that Dirza Direct's listing and products did not infringe Pang's purported design patent.

14.    Upon information and belief, neither Xiaogang Pang nor any of their agents or John Doe collaborators failed to conduct a sufficient investigation related to the alleged infringement, sufficient facts to support jurisdiction in Illinois under Federal Circuit and Seventh Circuit precedent, or any actual information to support the conspiracy claim that Pang's marketplace competitors had acted collectively (as alleged in the original, but since abandoned Complaint).

15.    Instead, the Complaint was based on a purported 'test sale' to create jurisdiction purchased months after the lawsuit was filed.

16.    By Pang's filing it shows that no sufficient basis to allege jurisdiction over the Defendant existed at the time the lawsuit was filed, no bond was filed, no leave to serve by e-mail was obtained, and there was no basis to sue the Defendant in Illinois.

17.    To evade scrutiny of the the requested temporary restraining order by his victim, Pang requested that the TRO be issued under seal, months after the lawsuit was filed.

18.     The Injunction froze Dirza Direct's ASINs and financial accounts.

19.     With the filing of the Answer, the Defendant is moving to Vacate the Preliminary Injunction, which they anticipated being quickly granted because the TRO and Preliminary Injunction were improvidentially granted and based on misrepresentations by Pang.

20.     The *Noerr-Pennington* doctrine does not bar these Counterclaim because the Complaint was not a legitimate petition to the Court, but a sham claim to exploit the Schedule A system to crush a competitor and not a bona fide effort to enforce legitimate intellectual property rights.

## IV.     CAUSES OF ACTION

### First Counterclaim
### Declaratory Judgment of Non-Infringement of the Design Patent

21.     Counterclaim-Plaintiff respectfully repeats, re-alleges, and incorporates all allegations in the preceding Affirmative Defenses and Counterclaims, as if they were fully set forth herein.

22.     Counterclaim-Plaintiff has not infringed any patent owned by Pang and are entitled to a declaration to that effect.

23.     Counterclaim-Plaintiff are entitled to a declaratory judgment that they have not infringed any Design Patent of Pang.

24.     This is an exceptional case entitling Counterclaim-Plaintiff to an award of their attorney's fees incurred in connection with this action pursuant to appropriate provisions of the Federal Rules, law and patent practice.

**Second Counterclaim**
**(Abuse of Process under Illinois State Law)**

25.     Counterclaim-Plaintiff respectfully repeats, re-alleges, and incorporates all allegations in the preceding Affirmative Defenses and Counterclaims, as if they were fully set forth herein.

26.     Counterclaim-Defendant brought this lawsuit with an ulterior motive to block their competitors in the open market, and not in furtherance of any valid claim against the Counterclaim-Plaintiff.

27.     Counterclaim-Defendant obtained a Temporary Restraining Order and Preliminary Injunction with insufficient disclosure to the Court of the true facts and circumstances of the circumstances of the Patent and alleged infringement, and these successful restraints on the Defendants were an act in the use of legal process that were not proper in the regular prosecution of the proceedings.

28.     Because the Complaint and the Temporary Restraining Order/Preliminary Order was a sham, the *Noerr-Pennington* doctrine does not bar this Counterclaim for Abuse of Process under Illinois State law.

29.     As a direct and proximate cause of this abuse of process, the Counterclaim-Plaintiff suffered damages in an amount that will be determined at trial, but upon information and belief is in no event less than $250,000.00 for the appearing Counterclaim-Plaintiff, which amount continues to rise daily because as of the filing of this Counterclaim the freeze remains in place.

**Third Counterclaim**
**(Interference with Contractual Relations under Illinois State law)**

30.     Pang brought this lawsuit with an ulterior motive to block their competitors in the open market, and not in furtherance of any valid claim against Dirza Direct.

31.     Dirza Direct had a valid and existing contract with Amazon in order to sell their products through Amazon.com.

32.     Counterclaim-Plaintiff are informed and believe, and on that basis allege, that Pang knew of Dirza Direct's contractual relationships with Amazon. The basis for this belief includes, but is not limited to, the allegations in the Complaint about Dirza Direct's listings on Amazon.com, which was only possible if and because there was a contract between Dirza Direct and Amazon.com.

33.     Dirza Direct is informed and believe, and on that basis allege, that Pang intentionally interfered with that contractual relationship and furthermore knowingly and unjustifiably asserted materially false allegations of patent infringement against Dirza Direct to have Amazon remove Dirza Direct's listings and to and eliminate competition with Pang by Dirza Direct.

34.     As a direct and proximate consequence of Pang's improper acts, Dirza Direct's listings were wrongly removed from Amazon.

35.     As a direct and proximate consequence of Pang's improper acts, Dirza Direct suffered direct, proximate and foreseeable damages and continue to suffer direct, proximate and foreseeable damages.

36. As a direct and proximate consequence of Pang's improper acts, the Dirza Direct's products were delisted through improper means that were and are unlawful and fraudulent.

37. As a direct and proximate cause of Pang's tortious interference with contractual relations, Dirza Direct suffered damages in an amount that will be determined at trial, but upon information and belief is in no event less than $250,000.00, which amount rises daily because as of the filing of this Counterclaim the freeze remains in place

**COUNTERCLAIM-PLAINTIFF RESPECTFULLY SEEK A JURY TRIAL FOR ALL ISSUES SO TRIABLE BY JURY**

**V. PRAYER FOR RELIEF**

**WHEREFORE**, Counterclaim Plaintiff respectfully requests that the Court:

A. Enter a Declaratory Judgment that Pang's patents have not been infringed by Dirza Direct;

B. Declare that this case is exceptional and that Counterclaim Defendant must therefore be ordered to pay Counterclaim Plaintiff their reasonable attorneys' fees and costs, pursuant to the relevant laws, rules, and practices of this Honorable Court;

C. Order the Counterclaim-Defendant to pay the Counter-Plaintiff damages in an amount to be determined at trial, but in no event less than $250,000.00 as of the filing of this Counterclaim, and which rises daily, together with interest, legal fees and costs, and other expenses;

D. Enter such further and additional relief as is necessary to correct for the anticompetitive market effects caused by the Counter Defendant's unlawful conduct, as the Court may deem just and proper under the circumstances; *and*

E. Award Counterclaim Plaintiff such other legal and equitable relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

By:

Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
Phone: (212) 401-6910
bg@gottesmanlegal.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2025, simultaneous with the filing of this Submission, a copy of this submission was served upon counsel for all Appearing Parties using the court's CM/ECF system which will provide a notice of electronic filing to all counsel of record of consent in writing to accept this notice of service of this document by electronic means: