UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| XIAOGANG PANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 24 C 13141 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| DIRZA DIRECT, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

The Court denies Defendant Dirza Direct's motion for judgment on the pleadings [33, 35]. See Statement.

**STATEMENT**

On December 20, 2024, Plaintiff Xiaogang Pang filed this case against thirty-four defendants for allegedly infringing a design patent for an adjustable bike wall hanger registered to Pang. After reviewing the complaint, the Court indicated that joinder did not appear proper as to all Defendants and ordered Pang to file an amended complaint. Pang did so on March 19, 2025, choosing to proceed only against Defendant Dirza Direct.[1] On May 6, 2025, Pang moved for a temporary restraining order, which the Court entered on May 22, 2025. Pang then sought a preliminary injunction, which the Court granted on July 2, 2025.[2] That same day, counsel for Dirza Direct filed an appearance, and Dirza Direct answered the amended complaint and asserted counterclaims against Pang. After Pang did not file a responsive pleading to the counterclaims, Dirza Direct filed a motion for default and default judgment on the counterclaims and judgment on the pleadings with respect to Pang's complaint. The Court denied the motion for entry of default, Doc. 40, but set a briefing schedule on the motion for judgment on the pleadings. The Court now considers that motion.

In its motion for judgment on the pleadings, Dirza Direct first argues that Pang's failure to respond to the counterclaims amounts to an admission of all of Dirza Direct's allegations, which then show that Pang's design patent infringement claim fails. The Court need not further

---

[1] It appears that the proper name for Defendant is Shenzhen Shidu Shucheng Linmao Yiyouxiangongsi, with Defendant admitting to operating an Amazon store under the name Dirza Direct. The Court will refer to Defendant as Dirza Direct throughout this order.

[2] The Court did not, however, enter an order setting forth the terms of the preliminary injunction because Pang never submitted a proposed order to the Court and did not follow up about its entry.

address this argument, however, because the Court denied Dirza Direct's request for entry of default and Pang subsequently filed a response to the counterclaims.[3]

Alternatively, Dirza Direct argues that the Court should grant Dirza Direct judgment on the pleadings because it is not subject to personal jurisdiction in Illinois. Courts in this district have concluded that "asserting a personal jurisdiction defense in a Rule 12(c) motion is improper." *Mussat v. Enclarity, Inc.*, 362 F. Supp. 3d 468, 472 (N.D. Ill. 2019); *Walker v. Carnival Cruise Lines, Inc.*, No. 87 C 115, 1987 WL 19554, at *9 n.1 (N.D. Ill. Nov. 5, 1987) ("A Rule 12(c) motion is an inappropriate vehicle for preliminary matters such as jurisdiction or venue, being ordinarily used for judgments on the merits of a complaint."). Although Dirza Direct did not seek dismissal pursuant to Rule 12(b)(2) on this ground, it did assert the lack of personal jurisdiction as an affirmative defense in its answer. Therefore, the Court does not find that treating Dirza Direct's Rule 12(c) motion as one under Rule 12(b)(2) prejudices Pang. *See CXOsync, LLC v. Saloojee*, No. 23 C 00190, 2025 WL 1616332, at *3 (N.D. Ill. June 6, 2025) (converting a Rule 12(c) motion concerning personal jurisdiction into a Rule 12(b)(2) motion and "forgiv[ing] the tardiness to reach the merits"); *Walker*, 1987 WL 19554, at *9 n.1 (treating Rule 12(c) motion as one under Rule 12(b) because "defendant properly preserved its objections to jurisdiction and venue" in its answer).

Nonetheless, the Court must address Pang's argument that Dirza Direct waived its personal jurisdiction defense because its actions suggested that it would defend the suit on the merits. "The general rule is that a defendant does not waive an asserted jurisdictional defense when his answer also requests relief in the form of a counterclaim, a cross-claim, or a third-party claim." *United States v. Ligas*, 549 F.3d 497, 502 (7th Cir. 2008). Instead, "to waive or forfeit a personal jurisdiction defense, a defendant must give a plaintiff a reasonable expectation that it will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking." *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010). Here, although Dirza Direct did come to Court to contest the hold placed on its Amazon account as a result of the Court's temporary restraining order, it did so in the context of arguing that that hold was invalid for various reasons, including lack of jurisdiction. The Court does not find that this action suggested to Pang that Dirza Direct would defend the case on the merits and abandon its personal jurisdiction defense, nor has the Court gone to efforts to adjudicate Dirza Direct's defense to Pang's claim that would be wasted by finding personal jurisdiction lacking at this time. *Cf. Blockowicz v. Williams*, 630 F.3d 563, 566 (7th Cir. 2010) (defendants waived personal jurisdiction defense "by participating in the district court proceedings, which included both briefing and oral arguments addressing the merits of the [plaintiffs'] claim"); *Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1296–97 (7th Cir. 1993) (defendants waived personal jurisdiction defense where they "fully participated in litigation of the merits for over two-and-a-half years without actively contesting personal jurisdiction").

---

[3] In its reply, Dirza Direct maintains that the Court should strike Pang's response to the counterclaims and deem the facts admitted because Pang's response does not comply with the Federal Rules of Civil Procedure. But the Court declines to do so in connection with the motion for judgment on the pleadings. Dirza Direct should raise any concerns with Pang's response with Pang first and, if necessary, file a separate motion requesting appropriate relief from the Court.

The Court thus turns to the merits of Dirza Direct's personal jurisdiction defense. At this stage, without an evidentiary hearing, Pang need only establish a prima facie case of personal jurisdiction. *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 392–93 (7th Cir. 2020). The Court "accept[s] as true all well-pleaded facts alleged in the complaint," *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012), and "read[s] the complaint liberally with every inference drawn in favor of [the] plaintiff." *GCIU-Emp. Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009) (citations omitted). While the Court also could consider affidavits submitted by Dirza Direct, *see id.*, Dirza Direct has not provided any such affidavits or other evidence of its own.

In federal question cases, the Court may exercise personal jurisdiction over a defendant only if "federal law or the law of the state in which the court sits authorizes service of process to that defendant." *Mobile Anesthesiologists Chi., LLC*, 623 F.3d at 443. The Patent Act does not authorize nationwide service of process in this circumstance, and so the Court may exercise jurisdiction over Dirza Direct only if authorized by both the United States Constitution and Illinois law. *See TechnoLines, LP v. GST AutoLeather, Inc.*, 799 F. Supp. 2d 871, 874 (N.D. Ill. 2011). The Illinois long-arm statute authorizes courts to exercise personal jurisdiction on any basis permitted by the Illinois and United States constitutions. *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011) (citing 735 Ill. Comp. Stat. 5/2-209(c)). This standard effectively merges the federal constitutional and state statutory inquiries. *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014). Accordingly, a single inquiry into whether the United States Constitution permits jurisdiction suffices. *See, e.g.*, *Curry*, 949 F.3d at 393.

The Due Process Clause of the United States Constitution permits a court to exercise jurisdiction when the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Millikin v. Meyer*, 311 U.S. 457, 463 (1940)). Minimum contacts exist where "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Importantly, "the question of personal jurisdiction hinges on the defendant's—not the plaintiff's—contacts with the forum state." *North v. Ubiquity, Inc.*, 72 F.4th 221, 225 (7th Cir. 2023).

While personal jurisdiction may be either general or specific, *see Daimler AG v. Bauman*, 571 U.S. 117, 126–28 (2014), Pang only seeks to proceed on a specific jurisdiction theory. To establish minimum contacts that create specific personal jurisdiction, Dirza Direct must have purposefully directed its activities at Illinois or purposefully availed itself of the privilege of conducting business in Illinois, and Pang's alleged injury must arise out of or relate to Dirza Direct's forum-related activities. *See Rogers v. City of Hobart*, 996 F.3d 812, 819 (7th Cir. 2021). In *NBA Properties, Inc. v. HANWJH*, the Seventh Circuit confronted the question of what sufficed to subject foreign e-commerce stores like Dirza Direct to personal jurisdiction in Illinois with respect to claims of online counterfeiting. 46 F.4th 614 (7th Cir. 2022). The Seventh Circuit found purposeful direction at Illinois where the defendant established an online storefront, indicated a willingness to sell to Illinois, and fulfilled an order by "intentionally shipping an infringing product to the customer's designated Illinois address." *Id.* at 624. The court refused to require more than a single sale of the allegedly infringing product to Illinois and

further rejected the defendant's argument that a test sale should not suffice because it amounted to an effort by the plaintiff to manufacture jurisdiction, noting that "what matters is [the defendant's] structuring of its own activities so as to target the Illinois market," not the plaintiff's motivations in making the purchase. *Id.* at 624–25.

In the amended complaint, Pang alleged that Dirza Direct operated an interactive online storefront, from which Illinois residents could purchase products with Pang's patented design, offered shipping to Illinois, accepted payment in U.S. Dollars, and sold products featuring the patented design to Illinois residents. Pang also attached evidence of a confirmed order placed with Dirza Direct for the allegedly infringing product, with a shipping address in Chicago, Illinois, on March 19, the same day it filed its amended complaint. *See* Doc. 12-2. Dirza Direct claims that this cannot support personal jurisdiction because Pang purchased the product months after filing the case and filed the amended complaint before the alleged delivery date. The Court, however, does not find Dirza Direct's argument persuasive. Initially, an amended complaint supersedes an initial complaint, *see Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004) ("It is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void."), and Pang never served Dirza Direct with its initial complaint. Further, the initial complaint included an attachment suggesting that Dirza Direct was willing and able to ship the allegedly infringing product to Illinois. *See* Doc. 7 at 3 (showing the option to purchase and receive delivery of the allegedly infringing product to Chicago, Illinois in December 2024); Doc. 12-1 (reproducing the webpage printout from Dirza Direct that Pang had attached to the initial complaint). Most importantly, the amended complaint shows that, before filing, Dirza Direct had accepted an order from Illinois and committed to ship the allegedly infringing product to Illinois. Although Pang did not include proof that the product actually shipped, this does not allow Dirza Direct to avoid jurisdiction where it clearly structured its activities to accept orders from and ship to Illinois. Therefore, the Court finds that Pang has sufficiently demonstrated that Dirza Direct purposefully directed its activities at Illinois. *See NBA Props.*, 46 F.4th at 625 ("Here, HANWJH shipped a product to the forum only after it had structured its sales activity in such a manner as to invite orders from Illinois and developed the capacity to fill them. It cannot now point to its 'customers in Illinois and tell us, It was all their idea.'" (quoting *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 428 (7th Cir. 2010))).

The Court also has no issue finding the remaining requirements for personal jurisdiction met. The contacts at issue clearly relate to this suit. *See id.* ("This requirement is met when direct sales from the defendant in the forum state involve the infringing product."). And while Dirza Direct is a foreign entity, courts have found "no unfairness in making a seller defend a suit in a state where it structures its business to 'easily serve the state's consumers.'" *Id.* at 627 (quoting *Curry*, 949 F.3d at 402). Dirza Direct has done just that, taking steps to make its products, including the allegedly infringing product at issue in this case, available to Illinois customers. Therefore, the Court finds it does not offend traditional notions of fair play and substantial justice for Dirza Direct to defend against Pang's claims in this forum. *See uBID, Inc.*, 623 F.3d at 433 ("There is no unfairness in requiring GoDaddy to defend that lawsuit in the courts of the state where, through the very activity giving rise to the suit, it continues to gain so much."); *Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 760 (7th Cir. 2010) ("Hemi wants to have its cake and eat it, too: it wants the benefit of a nationwide business model with none of the

Case: 1:24-cv-13141 Document #: 48 Filed: 01/13/26 Page 5 of 5 PageID #:298

5

exposure. There is nothing constitutionally unfair about allowing Illinois, a state with which Hemi has had sufficient minimum contacts, to exercise personal jurisdiction over Hemi.").

      Because Pang has established a prima facie case of personal jurisdiction over Dirza Direct, the Court denies Dirza Direct's motion for judgment on the pleadings.

Date: January 13, 2026                                                                                       /s/ Sara L. Ellis