**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| XIAOGANG PANG,<br><br>　　　　　Plaintiffs<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A",<br><br>　　　　　Defendants. | Case No.: 24-cv-13141<br><br>**Judge Honorable Sara L. Ellis**<br><br>**Magistrate Judge Keri L. Holleb Hotaling** |

**PLAINTIFF'S MOTION TO ENFORCE PRELIMINARY INJUNCTION**

Plaintiff Xiaogang Pang hereby moves this Court for an order enforcing the Preliminary Injunction previously entered in this action on July 2, 2025 (Dkt. No. 28) and granting such further relief as is necessary to secure Defendant's prompt compliance. The Preliminary Injunction was granted following the issuance of the Temporary Restraining Order, issued May 22, 2025 (Dkt. No. 19). This motion is brought pursuant to the Court's inherent authority to enforce its orders, Fed. R. Civ. P. 65, and the settled rule that a district court retains jurisdiction to interpret and enforce its injunctions.

In support, Plaintiff states as follows:

**MEMORANDUM OF LAW**

**I. INTRODUCTION**

On July 2, 2025, this Court entered a Preliminary Injunction ordering Defendant Dirza Direct that, among other requirements, they "shall not transfer or dispose of any money or other of Defendant's assets in any of Defendant's financial accounts" (TRO, para. 2). The injunction is

binding upon the parties and those acting in active concert or participation with them who receive actual notice of the order. Fed. R. Civ. P. 65(d).

Despite notice of the Court's order, Defendant has failed to comply with the Order. As set out below, Defendant's conduct violates the plain terms and purpose of the Preliminary Injunction, frustrates this Court's authority, and continues to inflict immediate and irreparable harm on Plaintiff. Plaintiff therefore respectfully requests that the Court enforce its injunction, direct immediate compliance, and award any additional coercive or remedial relief the Court deems appropriate.

## II. RELEVANT BACKGROUND

FIRST.- On December 20, 2024, Plaintiff filed the complaint asserting claims for design patent infringement.

SECOND.- On May 6, 2025, Plaintiff moved for a temporary restraining order, which was granted on May 12, 2025.

THIRD – On June 18, 2025, Plaintiff moved to convert the TRO to a Preliminary Injunction, which, as stated above, was granted. The order provides, in relevant part, that Defendant shall they "not transfer or dispose of any money or other of Defendant's assets in any of Defendant's financial accounts".

FOURTH.- Defendant received actual notice of the Preliminary Injunction on July 2, 2025, including by ECF notice.

FIFTH.- After entry of the injunction, Plaintiff has discovered that Defendant is attempting to, and has, circumvented the Preliminary Injunction by apparently opening a second Amazon store under a separate name, wherein the second Amazon store sells substantially similar products to those of its original store. As Defendant is using a separate store, it has the ability to dispose of

monies from that account.  Plaintiff determined Defendant was circumventing the Preliminary Injunction because both stores, the first store known as 'Dirza Direct' and the second store known as 'HasItPro', operate under the same Brand Name:"Dirza" (Exhibits 1 and 2).  As shown in Exhibit 1, rear bike rack is shown for sale under the 'Dirza' name but through the store 'HasitPro'.  Exhibit 2 shows a bike basket rear under the 'Dirza' name, through the store 'Dirza Direct'.

SIXTH.- Plaintiff has notified Defendant of the noncompliance and demanded corrective action.

SEVENTH.- Through Defendant's continuing noncompliance, as well as Defendant's failure to participate in settlement conferences, and their failure to even provide their initial disclosures (*see,* Dkt. No. 56, Plaintiff's 'Motion to Compel Initial Disclosures'), Defendant continues to frustrate this process as well as adhere to the Preliminary Injunction.

## III. ARGUMENT

*A. The Court Has Authority to Enforce Its Preliminary Injunction.*

Federal courts possess inherent authority to enforce compliance with their lawful orders, including injunctions entered under Rule 65. Rule 65(d) requires that every injunction state its terms specifically and describe in reasonable detail the acts restrained or required, and those bound by the order must obey it unless and until it is modified or dissolved. Fed. R. Civ. P. 65(d). The Seventh Circuit likewise recognizes that injunctions must be sufficiently definite to be judicially enforceable and that district courts retain authority to ensure compliance with the terms of their injunctive orders. *See, Rasho v. Jeffreys*, 22 F.4th 703 (7th Cir. 2022); *Marseilles Hydro Power v. Marseilles Land & Water Co.*, 299 F.3d 643 (7th Cir. 2002).

Where a party subject to a preliminary injunction acts contrary to the order's clear commands, the issuing court may interpret the injunction, compel compliance, and impose

appropriate coercive or remedial measures. Such relief is necessary both to preserve the status quo established by the injunction and to prevent a party from nullifying the Court's order through delay, evasion, or partial compliance.

*B. Defendant's Conduct Violates the Plain Terms of the Preliminary Injunction.*

The Preliminary Injunction here prohibits and/or requires specific conduct, namely the removal of assets or monies from any of Defendant's accounts. Defendant had actual notice of those obligations. Yet Defendant is apparently moving product, and subsequently funds, from one store to another, yet under the same brand, conduct that falls squarely within what the order forbids or fails to accomplish what the order affirmatively requires. An injunction must be read in light of its text and the context in which it was entered. Defendant cannot avoid compliance by adopting an artificially narrow interpretation that defeats the order's evident purpose. Because Defendant's conduct undermines the relief the Court already found necessary to prevent irreparable harm pending final adjudication, enforcement is warranted.

*C. Immediate Enforcement Is Necessary to Prevent Continuing Irreparable Harm and Preserve the Court's Order.*

The injuries that justified preliminary relief have not abated; they have intensified because of Defendant's noncompliance. Unless the Court enforces the injunction now, Plaintiff will continue to suffer and the benefit of the Court's prior ruling will be lost.

Prompt enforcement also serves the public interest in orderly judicial process. Parties may not disregard an injunction and force their adversary to relitigate rights the Court has already adjudicated for interim relief. Immediate enforcement is therefore necessary to preserve the status quo, protect Plaintiff from ongoing harm, and vindicate the Court's authority.

4

*D. The Court Should Order Specific Compliance and Award Further Appropriate Relief.*

To make its prior order effective, the Court should direct (i) Defendant, within **7** days, to identify any and all stores and avenues in which it has control of or related to, as well as their related accounts, (ii) prohibit Defendant from transfer or dispose of any money or other of Defendant's assets in any of Defendant's financial accounts, including those listed in point (i), (iii) require Defendant to provide written certification of compliance by a responsible officer or authorized representative; and (iv) award Plaintiff its reasonable attorneys' fees and costs incurred in bringing this motion, to the extent permitted by law and the Court's inherent authority.

If the Court finds the present record insufficient to determine the full extent of noncompliance, Plaintiff respectfully requests an <u>expedited evidentiary hearing</u> concerning Defendant's violation of the injunction.

DATED: April 20, 2026 Respectfully Submitted:

Robert M. DeWitty
Attorney for Plaintiff
D&A|R.M. DeWitty, U.S. Pat. Atty., LLC
1500 K Street, 2nd Floor
RM 213, Washington DC 20005

741 W. Jackson Street,  RM 4216
Chicago, Il. 60604
Tel: 202-571-7070 / 202 888-4309
Email: admin@dewittyip.com