XIAOGANG PANG,

                Plaintiffs

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED IN SCHEDULE "A",

                Defendants.

Case No.: 24-cv-13141

**Judge Honorable Sara L. Ellis**

**Magistrate Judge Keri L. Holleb Hotaling**

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS AND FOR SANCTIONS

Plaintiff Xiaogang Pang ("Plaintiff"), by and through undersigned counsel, respectfully moves this Court for an order compelling Defendant Dirza Direct to serve full written responses to Plaintiff's Request for Production of Documents and to produce all responsive, non-privileged documents, and further awarding Plaintiff his reasonable expenses, including attorney's fees, incurred in bringing this motion. This motion is brought pursuant to Fed. R. Civ. P. 34, Fed. R. Civ. P. 37, and Local Rule 37.2 of the Northern District of Illinois.

In support, Plaintiff states as follows:

FACTUAL BACKGROUND

On February 3, 2026, Plaintiff served Plaintiff's Request for Production of Documents from Defendant Dirza Direct on Defendant Dirza Direct (EX. 1);

Under Fed. R. Civ. P. 34, Dirza Direct's written responses and document production were due on March 3, 2026;

Plaintiff's Request for Production sought documents and electronically stored information relevant to the claims and defenses in this action, including documents concerning persons with discoverable information, materials supporting claims or defenses, prior art contentions, communications, indemnity or insurance agreements, damages materials, investigation-related documents, and any privilege log for withheld materials;

As of the date of this motion, Dirza Direct has not served any written responses, objections, or responsive documents to Plaintiff's Request for Production;

On March 17, 2026, Plaintiff's counsel sent defense counsel a meet-and-confer letter regarding Dirza Direct's failure to respond. In that letter, Plaintiff requested that Dirza Direct serve full written responses and produce all responsive, non-privileged documents by March 31, 2026, and advised that Plaintiff would seek relief under Rule 37 if no response was received (EX. 2); and

Despite Plaintiff's good-faith efforts to resolve this dispute without court intervention, Dirza Direct failed to provide the requested discovery, failed to serve objections, and failed to produce any responsive documents.

LEGAL STANDARD AND ARGUMENT
A. The Court Should Compel Responses and Production.

Fed. R. Civ. P. 34 requires a party served with a request for production to respond in writing within 30 days and to state, for each item or category, whether inspection and related activities will be permitted as requested or to state with specificity the grounds for any objection.

Fed. R. Civ. P. 37(a)(3)(B) authorizes a motion to compel where a party fails to produce documents requested under Rule 34. A complete failure to serve any response to requests for production squarely warrants an order compelling compliance.

Dirza Direct has wholly failed to comply with its discovery obligations. Because no written responses, objections, or documents were served by the Rule 34 deadline, Plaintiff is entitled to an order compelling Dirza Direct to serve complete responses and produce all responsive documents within a date certain.

B. Any Untimely Objections Should Be Deemed Waived.

A party that fails to timely respond to Rule 34 requests generally waives its objections absent good cause. Dirza Direct did not serve objections within the time allowed by Rule 34, has not sought an extension, and has offered no justification for its noncompliance. Accordingly, any objections to the Request for Production should be deemed waived, except as to any valid claim of privilege properly asserted and supported by a privilege log compliant with Fed. R. Civ. P. 26(b)(5).

C. An Award of Expenses and Attorney's Fees Is Warranted.

Fed. R. Civ. P. 37(a)(5)(A) provides that if a motion to compel is granted, or if the requested discovery is provided after the motion is filed, the court must require the nonmoving party, the attorney advising that conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless one of the rule's stated exceptions applies.

Plaintiff acted in good faith to obtain the discovery without court action, as reflected in counsel's March 17, 2026 meet-and-confer letter. Dirza Direct nevertheless ignored its

obligations and failed to respond. Under these circumstances, an award of Plaintiff's reasonable attorney's fees and costs incurred in bringing this motion is appropriate.

Dirza Direct's failure to respond has prejudiced Plaintiff's ability to prepare this case, evaluate defenses, and proceed efficiently with discovery before the applicable deadlines and the April 23, 2026 motion setting.

LOCAL RULE 37.2 CERTIFICATION

Pursuant to Local Rule 37.2, undersigned counsel certifies that Plaintiff has in good faith attempted to resolve the matters raised in this motion through consultation with opposing counsel and has been unable to reach an accord. Specifically, on March 17, 2026, Plaintiff's counsel sent defense counsel a meet-and-confer letter identifying Dirza Direct's failure to serve responses and produce documents and requesting compliance by March 31, 2026. No adequate response was received.

REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter an order:

Compelling Defendant Dirza Direct to serve full written responses to Plaintiff's Request for Production of Documents, without objections other than any properly asserted privilege objection, within a date certain set by the Court;

Compelling Defendant Dirza Direct to produce all responsive, non-privileged documents and electronically stored information within a date certain set by the Court;

Requiring Defendant Dirza Direct, if it withholds any responsive material on the basis of privilege, to serve a privilege log compliant with Fed. R. Civ. P. 26(b)(5) within the same time period;

Deeming any non-privilege objections to Plaintiff's Request for Production waived by reason of Dirza Direct's failure to timely respond;

Awarding Plaintiff his reasonable expenses, including attorney's fees and costs, incurred in bringing this motion pursuant to Fed. R. Civ. P. 37(a)(5)(A);

Awarding such other and further relief as the Court deems just and proper.

DATED: April 21, 2026      Respectfully Submitted:

        _____

        Robert M. DeWitty
        Attorney for Plaintiff
        D&A|R.M. DeWitty, U.S. Pat. Atty., LLC
        1500 K Street, 2nd Floor
        RM 213, Washington DC 20005

        741 W. Jackson Street, RM 4216
        Chicago, Il. 60604
        Tel: 202-571-7070 / 202 888-4309
        Email: admin@dewittyip.com