# EX. 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

XIAOGANG PANG,

     Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED IN SCHEDULE "A"

     Defendant.

Case No. 24-cv-13141

**Judge Honorable Sara L. Ellis
Magistrate Judge Keri L. Holleb Hotaling**

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANT DIRZA DIRECT

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff, XIAOGANG PANG, through his attorney, Robert M. DeWitty, hereby requests Defendant, DIRZA DIRECT, to produce each of the following documents in their possession, custody, or control.

### DEFINITIONS AND INSTRUCTIONS

1. "Document" and "ESI" shall be interpreted broadly to include all written, recorded, or graphic material, whether stored in hard copy or electronically, including emails, text messages, spreadsheets, databases, photographs, and metadata.

2. "Communication" means any exchange of information, whether oral, written, or electronic.

3. "Identify" when used in reference to a person, means to provide the full name, title, employer, and contact information.

4. DIRZA DIRECT refers to Defendant Dirza Direct, including its officers, directors, employees, agents, representatives, subsidiaries, and affiliates.

The Plaintiff expressly reserves the right to REQUEST additional production as discovery

1

progresses and may seek judicial relief should these documents not be provided in full and on time.

**REQUESTS**

**Request No. 1:** Produce all documents, communications, and electronically stored information (ESI) that identify or relate to each individual likely to have discoverable information that DIRZA DIRECT may use to support its claims or defenses, including but not limited to those involved in the design, manufacture, marketing, sale, or distribution of the DIRZA DIRECT Product as set forth in Paragraph 5 of First Set of Interrogatories to DIRZA DIRECT. This includes organizational charts, personnel files, and contact information.

**Request No. 2:** Produce all documents and ESI that reflect, refer, or relate to the specific facts or information that DIRZA DIRECT believes each individual identified in response to Interrogatory No. 1 possesses and that are relevant to the claims or defenses in this action.

**Request No. 3:** Produce all categories of documents, ESI, and tangible things in DIRZA DIRECT's possession, custody, or control that may be used to support its claims or defenses, including but not limited to those described in response to Interrogatory No. 3. For each category, include documents sufficient to show the location(s) where such documents or things are maintained, the custodian(s), and the format(s) in which they are kept.

**Request No. 4:** Produce all documents and ESI concerning any prior art to U.S. Patent No. D982,486 ("the D486 Patent") that DIRZA DIRECT contends is relevant to the claims or defenses in this action, including but not limited to prior art references, analyses, search results, and communications regarding such prior art.

**Request No. 5:** Produce all correspondence, including emails, letters, and other communications, between DIRZA DIRECT and Zhong referenced in your initial disclosures, including documents

2

sufficient to identify the dates, participants, and subject matter of each communication.

**Request No. 6:** Produce all indemnity or insurance agreements under which an insurance business may be liable to satisfy all or part of a judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment, as referenced in Interrogatory No. 6.

**Request No. 7:** Produce all documents and ESI that support or relate to DIRZA DIRECT's claim for damages, including but not limited to documents reflecting the categories of damages sought, the method of computation for each category, and all documents or other evidentiary material on which each computation is based.

**Request No. 8:** Produce all documents and ESI identifying all persons or entities, other than those already disclosed, who are likely to have discoverable information relevant to the claims or defenses in this action, including but not limited to inventors, individuals involved in the preparation and prosecution of the D486 Patent, and third parties, and documents describing the subject matter of the information believed to be possessed by each.

**Request No. 9:** Produce all documents and ESI relating to any ongoing investigation referenced in your initial disclosures, including documents sufficient to show the scope, purpose, anticipated completion date, and all persons involved in such investigation.

**Request No. 10:** For any information or document responsive to these requests that DIRZA DIRECT contends is withheld on the basis of attorney-client privilege, work product protection, or any other privilege or immunity, produce a privilege log identifying the nature of the information or document withheld, the basis for the claim of privilege, and the subject matter of the information or document.

DATED:  February 3, 2026                    Respectfully Submitted:

Robert M. DeWitty, Esquire
Bar no.: 006210112
D&A|RM DeWitty, U.S. Pat. Atty., LLC
1500 K Street, 2nd Fl., RM213
Washington, DC 20005
Tel: 202-571-7070 / 202-888-4309
Email: rmdewitty@dewittyip.com

**CERTIFICATE OF SERVICE**

I hereby certify that on 3 February 2026, a true and correct copy of the foregoing REQUEST

FOR PRODUCTION OF DOCUMENTS was served via email upon:

Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
(212) 401-6910
baruch.gottesman@gmail.com

_____
Robert M. DeWitty