**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| XIAOGANG PANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 24 C 13141 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| DIRZA DIRECT, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On December 20, 2024, Plaintiff Xiaogang Pang filed this case against thirty-four defendants for allegedly infringing a design patent for an adjustable bike wall hanger registered to Pang. After reviewing the complaint, the Court indicated that joinder did not appear proper as to all Defendants and ordered Pang to file an amended complaint. Pang did so on March 19, 2025, choosing to proceed only against Defendant Dirza Direct.[1] On May 6, 2025, Pang moved for a temporary restraining order ("TRO"), which the Court entered on May 22, 2025. Pang then sought a preliminary injunction, which the Court granted on July 2, 2025.[2] After new counsel appeared for Dirza Direct, on August 14, 2026, Dirza Direct filed the present motion to dissolve the preliminary injunction.[3] Having reexamined the issue, because Pang is unlikely to succeed on the merits, the Court dissolves the preliminary injunction.

---

[1] It appears that the proper name for Defendant is Shenzhen Shidu Shucheng Linmao Yiyouxiangongsi, with Defendant admitting to operating an Amazon store under the name Dirza Direct. The Court will refer to Defendant as Dirza Direct throughout this order.

[2] The Court did not, however, enter an order setting forth the terms of the preliminary injunction because Pang never submitted a proposed order to the Court and did not follow up about its entry.

[3] Pang argues that Dirza Direct forfeited its objection to the preliminary injunction order by litigating this case for over thirteen months. While the Court agrees with Pang that it would have been prudent for Dirza Direct to raise the arguments it now makes for dissolving the preliminary injunction at an earlier

## BACKGROUND

Pang holds a design patent for an adjustable bike wall hanger, U.S. Patent No. D982,486 (the "'486 Patent"). Pang filed for the '486 Patent on October 21, 2022, and the patent issued on April 4, 2023. The '486 Patent claims "[t]he ornamental design for an adjustable bike wall hanger" and includes nine figures showing the claimed design. Doc. 1-1 at 1. Pang accuses Dirza Direct of infringing the '486 Patent with bike wall hangers that it sold on Amazon under ASIN B098PYT567 and ASIN B09226DB63 (the "Accused Product").

The Accused Product was first publicly available on July 6, 2021. The United States Patent and Trademark Office (the "PTO") considered whether the Accused Product affected the patentability of the '486 Patent in a reexamination proceeding in 2024. The PTO described the '486 Patent as having the "following main characteristic features: (A) Thick dual cylindrical-shaped rod hooks (B) Telescopic tubular beam (C) Linear adjustment slot at bottom of tubular beam (D) Center folding bracket hinge fastened to parallel end plate of tubular beam (E) Rectangular end plate at end of telescopic beam (F) Wall C-bracket with ornate Victorian like silhouette." Doc. 89-5 at 5–6.

The PTO acknowledged that the Accused Product "does have some similarities to the claimed design in the '486 patent," specifically highlighting that "the dual rod hooks (A), telescopic beam (B), adjustment slot (C), center hinge (D), and end plate (E) are generally in the same arrangement and similar compositions between both designs." Doc. 89-5 at 8. But the PTO went on to state that "while these structures are shared and generally positioned in a similar manner, the wall bracket is significantly different between the designs," with the Accused Product having "a more generic wall bracket with less ornate edges, while the claimed design of

time, it cannot find that Dirza Direct forfeited the ability to raise these arguments. As Pang recognizes, the Court can revise its preliminary injunction order "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

the '486 patent has an almost Victorian like silhouette." *Id.* The PTO concluded that "[t]his difference in the wall bracket shape cannot be seen as de minimis and would prohibit a finding of anticipation." *Id.* at 8–9.




***Claimed Design of D982,486***




***DIRZA branded bike hanger***

*Id.* at 5, 9.

In the Patent Owner's Statement in response to the reexamination proceedings, Pang agreed with the PTO that the bracket shape of the Accused Product would prohibit a finding of anticipation. Doc. 89-6 at 2. Pang also pointed out additional differences between the Accused Product and the '486 Patent, including that the '486 Patent "has a pointed post mount on its

underside" and an elongated slit on the top of the securing post, while the Accused Product does not have either feature. *Id.* at 4–5. The PTO thereafter noted Pang's agreement with its conclusion that the Accused Product did not meet the anticipation standard because of the "dissimilarities with the claimed design of the '486 Patent." Doc. 89-7 at 5. The PTO ultimately confirmed the patentability of the '486 Patent without changes.

The PTO denied a subsequent request for *ex parte* reexamination of the '486 Patent on August 31, 2026. That request for reexamination had again listed the Accused Product as a reference, but the PTO did not find that it raised a substantial new question of patentability, even when considered in combination with a newly-referenced Chinese design patent.

**LEGAL STANDARD**

In deciding a motion for a preliminary injunction in a patent case, district courts apply Federal Circuit law instead of the law of the circuit in which they sit because the motion "involves substantive matters unique to patent law." *Revision Mil., Inc. v. Balboa Mfg. Co.*, 700 F.3d 524, 525 (Fed. Cir. 2012). "To obtain a preliminary injunction, a party must show that it is likely to succeed on the merits, that it is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in its favor, and that an injunction is in the public interest." *Luminara Worldwide, LLC v. Liown Elecs. Co.*, 814 F.3d 1343, 1352 (Fed. Cir. 2016) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "The first two factors—likelihood of success on the merits and irreparable harm—are the most critical in a patent case, and a court may deny a motion for a preliminary injunction if 'a party fails to establish either of the[se] two critical factors.'" *Pressure Specialist, Inc. v. Next Gen Mfg. Inc.*, 469 F. Supp. 3d 863, 868 (N.D. Ill. 2020) (quoting *Reebok Int'l Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1556 (Fed. Cir. 1994)).

Although the Court already granted Pang a preliminary injunction, it did so on an *ex parte* basis, under circumstances that closely resembled a TRO, and without the benefit of adversarial briefing.[4] Thus, Pang bears the burden of persuading the Court that it should not disturb the injunction. *See Jiaxing Zichi Trade Co. v. Yang*, No. 21 C 973, 2021 WL 4498654, at *3 n.3 (N.D. Ill. Aug. 19, 2021) (citing 42 Am. Jur. 2d Injunctions § 291 ("[W]hen a temporary injunction is issued under circumstances resembling a temporary restraining order, the burden of proof may be on the party seeking the order.")).

**ANALYSIS**

The Court focuses on the first requirement for a preliminary injunction, that Pang show a likelihood of success on its design patent infringement claim. A party commits design patent infringement when it "(1) applies the patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale, or (2) sells or exposes for sale any article of manufacture to which such design or colorable imitation has been applied." 35 U.S.C. § 289. In determining whether infringement occurred, the Court considers whether "an ordinary observer, familiar with prior art designs, would be deceived into believing that the accused product is the same as the patented design." *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010); *see also Gorham Mfg. Co. v. White*, 81 U.S. 511, 528 (1871) ("[I]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other."). In conducting its analysis, the Court considers only the ornamental design, not the functional

[4] Pang argues that the Dirza Direct had notice of the preliminary injunction motion and appeared before the Court entered the order. The Court entered its order granting the preliminary injunction before Dirza Direct appeared in this case and did not have the benefit of Dirza Direct's response, however, and so the Court agrees with Dirza Direct that the preliminary injunction was issued under circumstances resembling a TRO.

elements, of the product. *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1294 (Fed. Cir. 2010). The Court analyzes the claimed design as a whole, not "separate elements in isolation." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015). The Court takes into account the prior art when considering the differences between the designs. *ABC Corp. I v. P'ship & Unincorporated Ass'ns Identified on Schedule A*, 52 F.4th 934, 942 (Fed. Cir. 2022).

Dirza Direct argues that Pang cannot show that the Accused Product infringes the '486 Patent. It bases its argument largely on the PTO reexamination proceedings, in which the PTO and Pang agreed that the Accused Product's difference in wall bracket shape prohibited a finding of anticipation. "[T]he test for *anticipation* mirrors the test for infringement of design patents." *Shenzhen Jisu Tech. Co. v. Entities & Individuals Identified in Annex a*, No. 2025-1617, 2026 WL 2108668, at *4 (Fed. Cir. July 22, 2026); *see also Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1240 (Fed. Cir. 2009) ("In light of Supreme Court precedent and our precedent holding that the same tests must be applied to infringement and anticipation, and our holding in *Egyptian Goddess* that the ordinary observer test is the sole test for infringement, we now conclude that the ordinary observer test must logically be the sole test for anticipation as well."). In other words, an accused product that does not meet the test for anticipation cannot meet the test for infringement. *Cf. Peters v. Active Mfg. Co.*, 129 U.S. 530, 537 (1889) ("That which infringes, if later, would anticipate, if earlier.").

Although the PTO recognized that the Accused Product has a number of similarities with the '486 Patent's design, the Court finds it unlikely that Pang could prevail on infringement given the PTO's conclusion that the difference in the wall hanger shape precluded a finding of anticipation. *See ABC Corp. I*, 52 F.4th at 942 ("[W]here a dominant feature of the patented

design and the accused products . . . appears in the prior art, the focus of the infringement substantial similarity analysis in most cases will be on other features of the design. The shared dominant feature from the prior art will be no more than a background feature of the design, necessary for a finding of substantial similarity but insufficient by itself to support a finding of substantial similarity."); *Crocs, Inc.*, 598 F.3d at 1303 ("If the claimed design is close to the prior art designs, small differences between the accused design and the claimed design assume more importance to the eye of the hypothetical ordinary observer."). Pang agreed with this, pointing out other differences in the Patent Owner's Statement that also underscored that the Accused Product did not anticipate the '486 Patent's design. In light of these recognized differences in the design of the Accused Product from the '486 Patent, the Court cannot find that Pang has a substantial likelihood of success on the merits. *See ABC Corp. I*, 52 F.4th at 942 ("If [the defendant] raises a substantial question concerning . . . infringement . . . , i.e., asserts an infringement . . . defense that the patentee cannot prove 'lacks substantial merit,' the preliminary injunction should not issue." (alterations in original) (quoting *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350–51 (Fed. Cir. 2001))).

The Court therefore grants Dirza Direct's motion to dissolve the preliminary injunction and dissolves the preliminary injunction against Dirza Direct. *See Reebok*, 32 F.3d at 1556 (denial of preliminary injunction is appropriate if "a party fails to establish either of" likelihood success on the merits or irreparable harm).

## CONCLUSION

For the foregoing reasons, the Court grants Dirza Direct's motion to dissolve the preliminary injunction [88]. The Court dissolves the preliminary injunction.

Dated: October 14, 2026

SARA L. ELLIS
United States District Judge